IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIO GONZALEZ and RENEE GONZALEZ, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:05-CV-1737-M |
| CITY PLAN COMMISSION, CITY OF DALLAS, TEXAS, and MAGEN DAVID CONGREGATION, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss of Defendants City Plan Commission ("CPC") and City of Dallas, Texas (the "City"), dated August 29, 2005.[1] The Motion is **GRANTED IN PART** and **DENIED IN PART**.

### FACTUAL BACKGROUND

Magen David Congregation ("Magen David") owns approximately 1.05 acres at the southwest corner of Crestland Avenue and Hillcrest Road, in Dallas, Texas. On July 21, 2005, Magen David submitted a preliminary plat application to the City and the CPC, which was approved. Plaintiff alleges that Magen David intends to erect unspecified improvements on the property for church purposes. Plaintiff alleges that, as a result of the approval by the CPC and the City of the plat application, Magen David's construction will overwhelm the infrastructure,

---

[1] The Motion requests relief under Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure. However, because Plaintiffs joined Magen David in the lawsuit on September 8, 2005, the 12(b)(7) issue is moot.
    Defendants' Motion was filed on August 29, 2005. Under Local Rule 7.1(e), Plaintiffs' Response was due on September 19, 2005. The Court will consider Plaintiffs' Response, even though Plaintiffs filed it three days late.

reduce property values, and damage the surrounding landowners' quality of life. Defendants filed their Motion to Dismiss on August 29, 2005.

## STANDARD OF REVIEW

A cause of action should be dismissed under Rule 12(b)(6) only if there is no possible set of facts upon which a plaintiff could prevail on that cause of action. *United States ex rel. Bain v. Ga. Gulf Corp.,* 386 F.3d 648, 653 (5th Cir. 2004). In deciding a 12(b)(6) motion, the court "accepts all well-pleaded allegations as true, and views them in the light most favorable to the plaintiff." *Davis v. Blockbuster, Inc.*, No. 3:04-CV-2393-M, 2005 U.S. Dist. LEXIS 2100, at *3 (N.D. Tex. Feb. 14, 2005) (Lynn, J.) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). The court "will not strain to find inferences favorable to the [plaintiff] and will not accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005) (internal citation and quotation omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

ANALYSIS

*42 U.S.C. § 1983 and 42 U.S.C. § 1988*

In their Complaint, Plaintiffs allege that the City deprived them of their constitutional rights in violation of 42 U.S.C. § 1983.[2] CPC and the City argue that Plaintiffs have not properly pleaded any violation of due process or other constitutional rights.

The Fourth, Fifth, and Fourteenth Amendments may provide claims for individuals deprived of property due to state action. *See John Corp. v. City of Houston*, 214 F.3d 573, 577 (5th Cir. 2000). The Fourteenth Amendment requires the government to follow appropriate procedures when its agents deprive a person of property (procedural due process), prevents governmental power from being used for purposes of oppression (substantive due process), and protects individuals from government action that treats similarly situated individuals differently (equal protection). *See id.* (citing *Daniels v. Williams*, 474 U.S. 327, 331 (1986); *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). The Takings Clause of the Fifth Amendment, incorporated into the Fourteenth Amendment, provides for just compensation if the state takes an individual's property for public use. *See id.* The Fourth Amendment, also incorporated into the Fourteenth Amendment, protects against unreasonable seizures of property. *See id.* (citing *United States v. James Daniel Good Real Property*, 510 U.S. 43 (1993)). Plaintiffs may claim under 42 U.S.C. § 1983 to vindicate any rights arising from a violation of the Fourteenth Amendment. *See Tarver v. City of Edna*, 410 F.3d 745, 749 (5th Cir. 2005) (using § 1983 to claim violations of the Fourth and Fourteenth Amendments).

---

[2]Plaintiffs also claim a direct violation of the Fourteenth Amendment. However, the Fifth Circuit has held that federal courts should be "reluctant" to find causes of action arising directly from the Constitution, especially when Congress provides a means of seeking relief against state officials who violate the Constitution. *See Dean v. Gladney*, 621 F.2d 1331, 1337 (5th Cir. 1980). Because Plaintiffs can pursue their claims under § 1983, the Court **DISMISSES** Plaintiffs' claims based directly on the Fourteenth Amendment, with prejudice.

The Court declines to dismiss Plaintiffs' § 1983 claim based on the Takings Clause. The United States Supreme Court has held that courts must engage in *ad hoc*, factual inquires when examining Takings Clause claims. *See Samaad v. City of Dallas*, 940 F.2d 936, 938 (5th Cir. 1991) (citing *Kaiser Aetna v. United States*, 444 U.S. 164, 175 (1979)). Factors to be considered include the economic impact of the regulation, its interference with reasonable investment-backed expectations, the character of the governmental action, the physical invasion of the plaintiffs' property, and the amount of time during which the defendants' conduct affected the plaintiffs' use and enjoyment of their property. *Id.* Although a prototypical regulatory taking directly affects real property, the Court concludes that actions like zoning can provide a basis for suit though land is not directly seized.[3] *Cf. Smith v. City of Brenham*, 865 F.2d 662, 663 (5th Cir. 1989) (stating that the constitutional argument is "weaker" when the governmental decisionmaking involves only nearby property). Additionally, if the taking is for a "public use", Plaintiffs must show that they used available state procedures to seek compensation, and that just compensation has been denied.[4] *John Corp.*, 214 F.3d at 581. Although the claim may not survive summary judgment, Defendants have not shown that there is no possible set of facts upon which Plaintiff could prevail on this claim; therefore, the Court declines to dismiss Plaintiff's § 1983 claim based on the Takings Clause. *See Bain*, 386 F.3d at 653.

The Court declines to dismiss Plaintiffs'§ 1983 claim based on procedural due process. The essential requirements of procedural due process are notice and an opportunity to respond. *See McDonald v. City of Cornith*, 102 F.3d 152, 155 (5th Cir. 1996). Although the claim may not

---

[3]The City is not constitutionally bound to its previous platting decision. The Court may consider any intervening change in facts when evaluating a motion for summary judgment.

[4]If Plaintiffs did not seek such compensation, their § 1983 claim based on the Takings Clause is not ripe. *See John Corp.*, 214 F.3d at 581.

survive summary judgment, Defendants have not proved, as a matter of law, that Plaintiffs could not show that they were provided constitutionally deficient procedures to protect their property. *Cf. John Corp.*, 214 F.3d at 585.

The Court declines to dismiss Plaintiff's § 1983 claim based on substantive due process. The Fifth Circuit has held that decisions of state zoning boards do not violate substantive due process unless the court finds no conceivable rational basis on which the board might have based its decision. *See Shelton v. City of College Station*, 780 F.2d 475, 477 (5th Cir. 1986). The Court might so find, but the record at this point is inadequate to support that conclusion. *See St. Luke's*, 355 F.3d at 376.

The Court dismisses Plaintiffs' § 1983 claim based on the Equal Protection Clause. The Equal Protection Clause mandates similar treatment for those similarly situated. *See Samaad*, 940 F.2d at 941 (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 442 (1985)). However, because Plaintiffs did not specifically allege the existence of a similarly situated group of persons, their claim based on the Equal Protection Clause fails. *See id.* at 941 n.31. Because the failure to adequately plead a § 1983 claim based on the Equal Protection Clause may be a mere pleading defect, the Court grants leave for Plaintiffs to amend their Complaint to properly claim under the Equal Protection Clause. *See Roehrs v. Conesys, Inc.*, No. 3:05-CV-829-M, 2005 U.S. Dist. LEXIS 33295, at *15 (N.D. Tex. Dec. 14, 2005) (Lynn, J.). Plaintiffs must file any such amendment within fourteen days of the date of this Order.

The Court declines to dismiss Plaintiffs'§ 1983 claim based on the Fourth Amendment. The Fourth Amendment, made applicable to the States by the Fourteenth Amendment, provides in pertinent part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." *Soldal v. Cook*

*Cty.*, 506 U.S. 56, 61 (1992). The Fourth Amendment operates in both civil and criminal contexts. *Id.* at 66-67. A "seizure" of property occurs when there is some meaningful interference with an individual's possessory interests in that property. *Id.*; *United States v. Lovell*, 849 F.2d 910, 915 (5th Cir. 1988). Courts have found seizures when personal property has been destroyed or devalued by state action. *See Brown v. Muhlenberg Twp.*, 269 F.3d 205, 209-10 (3d Cir. 2001) (the killing of a person's dog by a law enforcement officer constitutes a seizure); *Pepper v. Oak Park*, 430 F.3d 805, 2005 U.S. App. LEXIS 26050, at *8 (9th Cir. Nov. 30, 2005) (the permanent taking of a person's television and the infliction of substantial damage to a person's couch, while each was secured in that person's residence, constitutes a seizure); *Suss v. ASPCA*, 823 F. Supp. 181, 186-87 (S.D.N.Y. 1993) (the demolition of an outer wall of a private building constitutes a seizure). Defendants have not shown that Plaintiffs could not prevail on this claim as a matter of law.

While the Court does not now dismiss Plaintiffs' claim under § 1983 in its entirety, the Court **ORDERS** Plaintiffs to amend their complaint, specifically alleging what unconstitutional actions Plaintiffs claim and to specifically allege facts supporting such claims. Defendants may then reassert a Motion to Dismiss if they wish.

Section 1988 provides for an attorneys' fee recovery for a § 1983 claimant. In light of the Court's denial of the motion to dismiss Plaintiffs' § 1983 claims, the Court declines to dismiss Plaintiffs' § 1988 claim.

*State Law Claims*

Plaintiffs alleges violations of Texas law, including Chapter 211.005 of the Texas Local Government Code, various sections of the Dallas City Development Code,[5] and negligence.[6] Defendants argue that sovereign immunity bars these claims. The Court agrees.

In Texas, only the legislature can waive sovereign immunity, and must do so through statute or legislative resolution. *See Fed. Sign v. Tex. S. Univ.*, 952 S.W.2d 401, 405 (Tex. 1997). To be effective, the legislature must clearly and unambiguously express the intent to waive sovereign immunity. *See Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 641 (Tex. 2004). A claim against a governmental entity can be pursued only to the extent that immunity has been waived. *See Dear v. City of Irving*, 902 S.W.2d 731, 736-37 (Tex. App. – Austin 1995, writ denied). Therefore, Plaintiffs must plead the express terms of the statute or legislative resolution waiving immunity. *Cf. Wyse v. Dep't of Pub. Safety*, 733 S.W.2d 224, 228 (Tex. App. – Waco 1986, writ ref'd n.r.e.) ("[T]o maintain a cause of action [in tort] against the State, plaintiffs must plead and pursue their cause of action under the express terms of the Tort Claims Act").

Plaintiffs do not plead a tort claim under the express terms of the Texas Tort Claims Act. Therefore, the Court **DISMISSES** this claim with prejudice. The state statutes cited by Plaintiffs do not clearly and unambiguously waive sovereign immunity. Therefore, the Court **DISMISSES** Plaintiffs' statutory state law claims with prejudice.

---

[5] Plaintiffs' claims based on Texas statutes and the Dallas City Development Code are only against the City and the CPC.

[6] Pages six and seven of Plaintiffs' Amended Complaint, under the heading "Count Two–Declaratory Relief", allege that Defendants did not comply with various non-statutory duties in connection with the platting process. The Court construes this allegation as a claim for negligence. This claim is against the City alone.

CONCLUSION

The Court **DISMISSES** with prejudice Plaintiffs' claims based on state law and directly under the Fourteenth Amendment, and **DISMISSES** Plaintiffs' § 1983 claim based on the Equal Protection Clause without prejudice. The Court **ORDERS** Plaintiffs to amend their complaint, specifically alleging what unconstitutional actions Plaintiffs claim and to specifically allege facts supporting such claims. Such an amendment must be filed within fourteen days of this Order. Defendants' Motion is otherwise **DENIED** without prejudice.

**SO ORDERED.**

February 3, 2006.

_____
BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS